IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

```
--------------------------------------------  :
BRUCE DILLARD                                 :  CASE NO.  1:00 CV 2247
                                              :
                              Plaintiff        :
                                              :
                 -vs-                         :  ORDER DISMISSING THE
                                              :  PLAINTIFF'S CLAIM WITHOUT
BIENVENIDO SANTIAGO, et al.                   :  PREJUDICE FOR LACK OF
                                              :  JURISDICTION
                              Defendants       :
--------------------------------------------  :
```

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Plaintiff Bruce Dillard ("Mr. Dillard") brings this civil action, pursuant to 42 U.S.C. § 1983,[1] against defendant officers of the Cleveland City Police Department ("defendants")[2], alleging the use of excessive force in violation of the Fourth Amendment in his arrest on the evening of 26 May 1999.  This Court inherited Mr. Dillard's section 1983 civil matter on 3 June 2005.  (Docket 54).  Upon review of the record in the instant civil matter and in the underlying criminal conviction and sentence, the Court finds, for the reasons which follow, that Mr. Dillard's section 1983 claim cannot accrue unless and until the underlying conviction and sentence has been

---

[1]Mr. Dillard's additional claim for denial of medical treatment has already been denied. (Docket 37).

[2]Mr. Dillard names ten members of the Cleveland City Police Department who were allegedly present at the time of his (and others) arrest on the evening of 26 May 1999:  Bienvenido Santiago, Sgt. Thomas Acklin, Mike Demchak, Jeffrey Follmer, Jimmy Cudo, James Kennelly, Detective Abel, Detective Morris, Detective Petket, Detective Niebolson.

invalidated.  As such, Mr. Dillard's section 1983 claim will be dismissed without prejudice.[3]

At Mr. Dillard's three-day trial in Federal District Court on 26-28 February 2001 the jury heard testimony regarding his encounter with the Cleveland City Police on the evening of 26 May 2006 at approximately 11:30 p.m.  The jury heard testimony that Mr. Dillard had a firearm which he pulled from his waistband as the officers identified themselves upon their approach and over which a protracted and intense struggle ensued between Mr. Dillard and officer James Kennelly.  The jury heard testimony that the struggle over Mr. Dillard's firearm lasted between 45 second and one minute and involved officer Kennelly wrestling Mr. Dillard to the ground in an effort to gain control of the weapon.  The jury also heard testimony that officers found 99.5 grams of crack cocaine and a second firearm in a briefcase which Mr. Dillard was carrying at the time, but which he discarded with the approach of the officers.  The jury heard testimony that the briefcase was pried open by Officer Michael Demchak outside but brought upstairs to Mr. Dillard's apartment where the evidence was inventoried by officers Thomas Acklin and Kennelly, after Mr. Dillard had been subdued, arrested and handcuffed.

As a result of that testimony and the evidence presented the jury found Mr. Dillard guilty on all five counts of a Superceding Indictment in Federal District Court, Case No. 1:99 CR 249.  Mr. Dillard was convicted of knowingly and intentionally

---

[3]The Court raises its finding sua sponte as neither party has raised Heck in their various motions.  The Sixth Circuit has not taken a position on whether Heck constitutes an affirmative defense which defendants waive by failing to make them before the Court.  Cummings v. City of Akron, 418 F.3d 676, 681 n. 3 (6th Cir. 2005).  This Circuit has affirmed, without analysis, a district court's sua sponte finding that Heck barred the plaintiff's claim that the AUSA presented false evidence at his bond hearing because it implied the invalidity of his conviction.  Manthey v. Kessler, 79 Fed. Appx. 153, 153-54 (6th Cir. 2003).

distributing cocaine-base, a Schedule II narcotic drug controlled substance, in violation of 21 U.S.C. §§ 841A(1), (b)(1)(A) & (b)(1)(C),[4] (Counts I, II, III) of knowingly carrying and brandishing a loaded firearm during a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1)(A) & (c)(1)(A)(ii) (Count IV), and, of knowingly possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1) (Count V).  The District Court sentenced Mr. Dillard to the Bureau of Prisons for life without release on Counts I, II, III and V, plus seven consecutive years on Count IV.  (Docket 183).

As he maintained at his suppression hearing before the District Court in his criminal matter, Mr. Dillard urges this Court to award civil damages pursuant to section 1983 for the Cleveland police officer's alleged use of excessive force during his seizure, arrest and detention on the evening of 26 May 1999.  Mr. Dillard maintains that as he exited 7433 Clement Street, Cleveland, in the company of a friend, he proceeded to walk down the short driveway on the right side of the house.  Mr. Dillard maintains he was carrying a briefcase at the time when he was rushed by approximately eight law enforcement officers.  Mr. Dillard argues he was lifted off the ground and slammed up against the neighboring house and then against the house he had just exited.  This treatment allegedly left Mr. Dillard with several facial wounds which were openly bleeding.  Mr. Dillard maintains that he was then handcuffed and dragged back into the house and up a flight of stairs to the second floor apartment he had just exited.  Mr.

---

[4]The Superceding Indictment charged Mr. Dillard with: knowing and intentionally distributing approximately .51 grams of crack cocaine on 6 May 1999 (Count I); knowingly and intentionally distributing approximately .48 grams of crack cocaine on 12 May 1999 (Count II); knowingly and intentionally distributing approximately 99.21 grams of crack cocaine on 26 May 1999 (Count III); knowingly using and carrying a loaded firearm during a drug trafficking crime which he brandished (Count IV); felon in possession of a firearm (Count V).  (Case 99 CR 249: Docket 89).

3

Dillard alleges he was placed on the kitchen floor while the officers forced open the

locked briefcase he was carrying which contained a firearm and, what later proved to

be, 99.5 grams of crack cocaine.

In Heck v. Humphrey, 512 U.S. 477 (1994), the United States Supreme Court

determined that a cause of action under § 1983 for an allegedly unconstitutional

conviction cannot accrue if prevailing on the cause of action would render the conviction

invalid in an instance, such as this, where the plaintiff has not proven the conviction

reversed or expunged.  In Heck, the Supreme Court addressed the question of whether

a state prisoner, convicted of murdering his wife, may challenge the constitutionality of

his conviction in a suit for damages under 42 U.S.C. § 1983.  While the appeal of his

conviction was pending, Heck filed a section 1983 action against the prosecutors

alleging that they had engaged in an unlawful and arbitrary investigation, had knowingly

destroyed evidence, and had caused an illegal voice identification procedure to be used

at his trial. The claims were dismissed because the district court found that they directly

implicated the legality of Heck's confinement.  The Court explained,

> We hold that, in order to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by actions whose
> unlawfulness would render a conviction or sentence invalid, a § 1983
> plaintiff must prove that the conviction or sentence has been reversed on
> direct appeal, expunged by executive order, declared invalid by a state
> tribunal authorized to make such determination, or called into question by
> a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A
> claim for damages bearing that relationship to a conviction or sentence
> that has not been so invalidated is not cognizable under § 1983. Thus,
> when a state prisoner seeks damages in a § 1983 suit, the district court
> must consider whether a judgment in favor of the plaintiff would
> necessarily imply the invalidity of his conviction or sentence; if it would, the
> complaint must be dismissed unless the plaintiff can demonstrate that the
> conviction or sentence has already been invalidated. But if the district
> court determines that the plaintiff's action, even if successful, will not

demonstrate the invalidity of any outstanding criminal judgment against
the plaintiff, the action should be allowed to proceed, in the absence of
some other bar to the suit.

Id at 486-87.

The first step for a court analyzing a § 1983 claim under <u>Heck</u> is to determine
whether a plaintiff's claim, if valid, would "necessarily imply the invalidity of his
conviction." <u>Heck</u>, 512 U.S. at 487;  <u>Wells v. Bonner</u>, 45 F.3d 90, 94 (5th Cir.1995).
Under <u>Heck</u>, once this determination is made, "the complaint must be dismissed."
<u>Heck</u>, 512 U.S. at 487.  This is an estoppel doctrine in which the Court held that "a
§ 1983 cause of action for damages attributable to an unconstitutional conviction or
sentence does not accrue until the conviction or sentence has been invalidated.  <u>Id</u>. At
489-90.

The rule promulgated in <u>Heck</u> promotes the finality of and consistency in judicial
resolutions by limiting opportunities for collateral attack and averting the "creation of two
conflicting resolutions arising out of the same or identical transaction."  <u>See id.</u> at
484-485.  The Sixth Circuit has interpreted <u>Heck</u> to require that proof of the illegality of a
conviction is a necessary element of a § 1983 claim.  <u>Schilling v. White</u>, 58 F.3d 1081,
1086 (6th Cir. 1995) (finding no constitutional injury and hence, no § 1983 cause of
action, where the plaintiff's underlying conviction for driving under the influence of drugs
had not been overturned); <u>see also</u> <u>Fox v. Michigan State Police Dept.</u>
173 Fed. Appx. 372, 377-78 (6th Cir. 2006) (noting that a finding in favor of the plaintiff
on his claim that defendants unlawfully searched his person would "necessarily imply

the invalidity of his conviction" for possession of a switchblade and barring the plaintiff's claim until his conviction for possession of a switchblade has been invalidated).[5]

In the case at hand, success on Mr. Dillard's excessive force claim would necessarily imply the invalidity of his federal conviction in Count III of the Superceding Indictment, for knowingly and intentionally distributing approximately 99.21 grams of crack cocaine on 26 May 1999.  In addition, invalidating Count III of the Superceding Indictment undermines the validity of the jury determination on Count IV finding Mr. Dillard possessed and brandished a loaded 9mm semi-automatic handgun during the time of his seizure and arrest. (Case 99 CR 249: Docket 161; Docket 197 Jury Charge instructing the jury to only consider the guilt or innocence of Mr. Dillard on Count IV if he has already been deemed guilty of Count III, pp. 527, 531-33).

The introduction at his trial of the drug and gun evidence found in Mr. Dillard's briefcase and upon his person, which formed the basis for Counts III, IV and V, occurred only after the District Court convened a hearing in which he considered and then denied the defendant's motion to suppress that evidence.  (Case 99 CR 249:

---

[5]In Donovan v. Thames, 105 F.3d 291 (6th Cir. 1997) this Circuit found the plaintiff's state court conviction for resisting arrest did not bar his excessive force civil rights claim.  In reversing the District Court's grant of summary judgment on Donovan's section 1983 excessive force claim the Circuit Court specifically found, unlike the case at hand, that the judge in the state-court criminal action did not make any finding regarding excessive force.  The Donovan Court also found that controlling Kentucky law for the offense of resisting arrest does not require a finding that the police officers did not use excessive force in effecting the arrest. Id 295.  The Court determined "because the issue whether the officers used excessive force was not litigated in Donovan's state-court criminal trial, his conviction for resisting arrest does not preclude his § 1983 excessive force claim."  In the case at bar, Mr. Dillard's excessive force claim is intertwined with his conviction and sentence in the underlying criminal matter in drug Count III, and the gun Counts IV and V.

Docket 31).[6]  In his brief before the Court, Mr. Dillard specifically argued for suppression

of the evidence found in his briefcase because the officer's alleged use of  excessive

force.  (Case 99 CR 249: Docket 21).[7]  In turn, the District Court's determination not to

suppress the evidence was explicitly predicated on a finding that no excessive force

was used in the seizure, arrest and detention of Mr. Dillard.  (Case 99 CR 249: Docket

21: pp. 150-156).[8]

     The excessive force claim and the jury's determination of the evidence in Mr.

Dillard's drug and gun possessions in Counts III, IV and V are inextricably intertwined.

A finding of excessive force necessarily invalidates Mr. Dillard's conviction and

sentencing on Count III and undermines the validity of his gun convictions in Counts IV

and V.  Since Mr. Dillard's convictions in Counts III, IV or V have not been reversed,

---

[6]During the suppression hearing the defendant conceded that whether the evidence would be suppressed came down to the gun issue. (Case 99 CR 249: Docket 31, p. 144).  Dillard maintained that whether there was excessive force turned on "whether or not there was a gun," effectively conceding that if the Court agreed there was a gun, then excessive force could not be found.  Id. p. 150.  The Court in its suppression hearing, and the jury in its verdict, found Mr. Dillard had a gun and brandished it. (Docket 161).  As such, not only is the conviction and sentence on Count III implicated in Mr. Dillard's section 1983 use of excessive force claim, but so also is his conviction and sentencing on the gun Counts, IV and V.

[7]In his brief Mr. Dillard specifically argued for suppression on the basis of the officers alleged use of excessive force during the course of his arrest and detention. (Case 99 CR 249: Docket 21, p. 2).  In arguing for the suppression of the evidence as an appropriate remedy in this case Mr. Dillard relied upon decisions in <u>Monday v. Oullette</u>, 118 F.3d 1099, 1104 (6th Cir. 1997) (the Fourth Amendment prohibits the use of excessive force during the seizure of a free citizen); <u>United States v. Rullo</u>, 748 F. Supp. 36 (D. Mass. 1990) (evidence suppressed that was obtained through coerced statements of a defendant while he was being beaten by police officers); <u>United States v. 1328 N. Main St., Dayton, Ohio 45405</u>, 634 F. Supp. 1069, 1075 n.5 (S.D. Ohio 1986); and, United States v. Frank, 1996 WL 189004, *6-8 (E.D.N.Y. 31 Jan. 1996).  The government's main argument against suppression relied upon its contention that Mr. Dillard lacked standing to assert an interest in the contents of the briefcase which he discarded upon seeing the police.  The District Court determined the standing issue irrelevant after hearing testimony from defense witnesses and police officers regarding the use of excessive force. (Case 99 CR 249: Docket 31: pp. 150-155).

[8]The District Court's Order denying the suppression of the drug and gun evidence after finding no excessive force (Docket 30) was reaffirmed subsequently (Dockets 58, 122, 126, 133) in defendant's renewed motions to suppress (Dockets 50, 120, 134).

overturned or otherwise invalidated, see Heck, 512 U.S. at 486-87, his section 1983 excessive use of force claim cannot be maintained.  See also, Brown v. City of Detroit, 47 Fed. Appx. 339 (6th Cir. 2002);  Walker v. Schaeffer, 854 F. 2d 138, 142-43 (6th Cir. 1988) (finding plaintiff collaterally estopped from pursuing malicious prosecution and false arrest claims where he had pleaded no contest to the underlying crime as he was afforded "full and fair opportunity" to litigate issues of sufficient evidence of probable cause in the criminal case applying Ohio law); Dusenbery v. Graves, No. 97-4387, 1999 WL 617932, * 1 (6th Cir. Aug. 12, 1999) (holding that a challenge to a criminal investigation that led to a conviction necessarily challenges the validity of the conviction thereby implicating Heck's jurisdictional bar).  Jurisdiction on Mr. Dillard's case will not accrue unless and until such time as his conviction and sentence on Counts III, IV and V in the underlying criminal matter have been invalidated.   See Shamaeizadeh v. Cunigan, 182 F.3d 391, 396 (6th Cir. 1999).

Accordingly, the Court dismisses Mr. Dillard's section 1983 claim without prejudice.


IT IS SO ORDERED.


/s/ Lesley Wells_____
UNITED STATES DISTRICT JUDGE


Dated: 24 January 2007